UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVON GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-529 NCC |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of pro se plaintiff Lavon Gay, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $30.93. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $154.67. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $30.93, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff brings this prisoner civil rights claim under 42 U.S.C. § 1983 against defendants the City of St. Louis; the St. Louis Metropolitan Police Department; and Police Officers Curtis

Anthony Ford, Andrew Michael Brown, Timothy Nolan, and Ellis C. Brown. Plaintiff states that on September 26, 2016, he was arrested for first degree assault of a law enforcement officer. While taking plaintiff into custody, Officer Timothy Nolan pointed his gun at plaintiff and demanded that he get on the ground. He then placed plaintiff in handcuffs and assisting Officers Andrew Brown, Curtis Ford, and Ellis Brown approached. The officers began assaulting plaintiff while he lay on the ground cuffed. Defendants Ellis Brown, Timothy Nolan, and Curtis Ford began kicking plaintiff in the face and head. Once additional officers arrived, plaintiff was taken to Barnes Hospital for treatment.

Plaintiff alleges he suffered permanent physical and psychological trauma arising out of this event. For damages, he seeks facial reconstruction surgery, medical treatment, and $5 million.

## Discussion

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers. To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." *Thompson v. City of Monticello, Ark.*, --- F.3d ---, 2018 WL 3322315, *2 (8th Cir. Jul. 6, 2018) (internal quotations and citations omitted). Relevant considerations are whether the suspect poses an immediate threat to the safety of the officers, and whether he is actively resisting arrest. *Id.*

Here, plaintiff alleges he was handcuffed and lying on the ground when the officers began kicking him in the head and face. He was not posing any threat to the safety of the officers, and he was not actively resisting arrest. On initial review, the Court finds that plaintiff has stated a plausible Fourth Amendment violation against defendant Officers Timothy Nolan,

Andrew Brown, Curtis Ford, and Ellis Brown, and the Court will issue process upon these officers.

The Court will dismiss the case as to defendant the St. Louis Metropolitan Police Department. Relevant precedent establishes that a department or subdivision of local government is not "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claim against the St. Louis Metropolitan Police Department fails as a matter of law. *See Ballard v. Missouri*, Case No. 4:13-CV-528 JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").

Finally, the Court will dismiss plaintiff's case against the City of St. Louis, because his allegations do not state a claim of municipal liability. Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (explaining that under § 1983, the plaintiff must demonstrate either that the municipality had a policy or custom that caused the constitutional violation or that the municipality or a municipal employee exhibited deliberate indifference to the plaintiff's constitutional rights by failing to adequately train or supervise its employees) (citing *City of Canton v. Harris*, 489 U.S. 378, 378-92 (1989)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $30.93 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the City Counselor's Office as to defendants Curtis Anthony Ford, Andrew Michael Brown, Timothy Nolan, and Ellis C. Brown in their individual capacities.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants the City of St. Louis and the St. Louis Metropolitan Police Department because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 24th day of July, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE